**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JAPHED GERARDO RODRIGUEZ CRUZ, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | **CIVIL ACTION NO. 4:26-CV-03913** | |
| § | | |
| BRET BRADFORD, *et al.*, § | | |
| § | | |
| Respondents. § | | |
| § | | |

**ORDER**

Before the Court is Petitioner Japhed Gerardo Rodriguez Cruz's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

### I.      BACKGROUND

Petitioner is a citizen of Honduras who entered the United States without inspection in 1997, almost thirty years ago. ECF No. 1 at ¶ 13. He has resided in the United States continuously since that time and has no criminal record. *Id*. at ¶¶ 13, 16. Petitioner has extensive ties to the United States given the duration of his residency and the fact that he has a U.S. citizen daughter. *Id*. at ¶ 15.

On April 13, 2026, Petitioner was taken into immigration custody. ECF No. 5 at 2. He has been in custody since that date without an individualized bond determination. *Id*. Also on April 13, 2026, Petitioner was issued a Notice to Appear (NTA) in removal proceedings before an immigration judge (IJ). The NTA charged Petitioner with being subject to removal under INA

1 / 4

§ 212(a)(6)(A)(1) as "an alien present in the United States without being admitted or paroled." *Id.* On May 4, 2026, an IJ denied Petitioner's request for a custody redetermination hearing based on lack of jurisdiction under *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Id.* Petitioner is eligible to pursue cancellation of removal under 8 U.S.C. § 1229b(b)(1). His removal proceedings are ongoing. Petitioner is currently detained at the Houston Contract Detention Facility in Houston, Texas. ECF No. 1 at ¶ 7.

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

## III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Given the severity of the ongoing unconstitutional deprivation of liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **48 hours**.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3.  Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4.  Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before May 26, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on May 21, 2026.

_____

Keith P. Ellison
United States District Judge